# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MUWSA GREEN, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 11-255 |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| FAYETTE CORRECTIONAL FACILITY, | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated below, it is respectfully recommended that the claims against Defendant be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted. Additionally, as Plaintiff cannot demonstrate a likelihood of success on the merits of his claims, his motion for preliminary injunction (Doc. 20) should be denied.

### II. REPORT

Muwsa Green ("Plaintiff") is a state prisoner incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette") in LaBelle, Pennsylvania. The instant cause of action commenced with the receipt of the complaint on February 25, 2011 (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), and the complaint was filed, on March 7, 2011. (Docs. 2 and 3).

Due to deficiencies in Plaintiff's initial complaint, as well as his apparent intent to amend his claims, this Court ordered him to

> file an amended complaint that details all properly exhausted claims that he wishes to make against all individuals who he wishes to name as Defendants. Plaintiff shall also include sufficient factual information to support these claims to satisfy Rule 8 of the Federal Rules of Civil Procedure, and shall format his amended pleadings in the manner required by Rule 10 of the Federal Rules of Civil Procedure. Failure to comply with this order may result in the dismissal of this case

(Doc. 14) at 2. Plaintiff was granted an extension of time in which to comply with this order on May 4, 2011. What followed were two short filings in which Plaintiff made allegations of wrongdoings that occurred well after the date that the instant lawsuit was filed. (Docs. 18 and 19).

28 U.S.C.§ 1915 requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009) (Cercone, J.).

A.      **Exhaustion of Administrative Remedies.**

Under the Prisoner Litigation Reform Act ("PLRA"), a prisoner bringing suit based on alleged violations of federal law is required to exhaust the administrative remedies available to him. Specifically:

> (a)     Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion must be completed prior to filing suit. Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731 (2001). Attempts at exhaustion that take place after suit has been filed are ineffective to satisfy the requirements of section 1997e(a). See Woodford v. Ngo, 548 U.S. 81, 93 (2006).

Finally, the Court of Appeals for the Third Circuit has held that exhaustion is an affirmative defense, and, as such, must be pleaded and proven by the party asserting it. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). However, *sua sponte* dismissal of a claim for a prisoner-plaintiff's failure to exhaust administrative remedies is appropriate where that failure is apparent on the face of the complaint. Id. at 297.

In the case at bar, all of the claims raised by Plaintiff in his two amended complaints that post-date the order of April 14, 2011, are based on acts that occurred after the initiation of the instant lawsuit. See (Docs. 18-19). As a result, it would have been impossible for Plaintiff to have exhausted them prior to filing his suit, and this case should be dismissed. However,

dismissal should be without prejudice to Plaintiff refiling his claims in a subsequent lawsuit, provided that his claims were properly exhausted.

**B. Eleventh Amendment Immunity.**

The sole Defendant named by Plaintiff is "Fayette Correctional Facility" – which appears, based on Plaintiff's factual allegations, to be SCI-Fayette. SCI-Fayette is a subdivision of the Pennsylvania Department of Corrections, and thus, a subdivision of the Commonwealth of Pennsylvania itself. While Plaintiff does not indicate in his amended complaints (Docs. 18-19) what sort of relief he seeks, to the extent that he seeks money damages, his claims should be dismissed.

A lawsuit for damages against a state is barred by the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 340-341 (1979). It is true that "[a] State's immunity from suit is not absolute. Congress may abrogate a State's sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment, and a State may consent to suit by making a clear declaration that it intends to submit itself to federal court jurisdiction." Lombardo v. Pennsylvania Dep't of Pub. Welfare, 549 F.3d 190, 195-96 (3d Cir. 2008). However, Congress has not abrogated the states' immunity from suit in section 1983 actions. Nails v. Pennsylvania Dep't of Transp., 414 F. App'x 452, 455 (3d Cir. 2011) (citing Quern, 440 U.S. at 342 -45). Additionally, Pennsylvania has withheld its consent from suit in federal court. See 42 Pa. Cons. Stat. Ann § 8521(b); See also Nails, 414 F. App'x at 455 (citing Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). As such, it is apparent that Defendant is immune from suit for damages. Accordingly, Plaintiff's claims for money damages should be dismissed.

### C. Preliminary Injunction.

Plaintiff has filed a motion for preliminary injunction, generally protesting his housing status. (Doc. 20).

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'" AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir.1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir.1988)). A party seeking a preliminary injunction must show: "'(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" Ball v. Beard, 396 F. App'x 826, 827 (3d Cir. 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted). "In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm." Id. at 90-91.

For the reasons stated above, Plaintiff cannot demonstrate a likelihood of success on the merits of his claims, and his motion for preliminary injunction should be denied.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be dismissed, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). Additionally, as it is clear that leave to amend the instant lawsuit would be futile, none should be granted. See Alston v.

Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Finally, as it is clear that Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims, his motion for preliminary injunction should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until October 25, 2011, to file objections to this report and recommendation.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: October 11, 2011  s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
**MUWSA GREEN**
HV -5362
S.C.I. Fayette
Box 9999
LaBelle, PA 15450-0999